# THE SUPREME COURT

OF

# OREGON.

## MARCH TERM, 1885.

[Filed March 10, 1885.]

### HILDEBRAND & POSNER v. BLOODSWORTH, WHITLEY & RIDENOUR.

CONTRACT—CONSIDERATION—GUARANTY.—B. and S., copartners, being indebted 'to plaintiffs, entered into a contract providing that "whereas, S. has this day sold and transferred to B." his interest in the partnership business, "and is to assume and pay all indebtedness of the firm of B. and S., and indemnify S. against said liabilities; therefore, we, B., R., and W., in consideration of the premises, hereby guaranty the performance of the conditions of said contract on behalf of said B., and undertake to indemnify said S. against said liabilities; *held*, that the undertaking of said guarantors R. and W. was valid and upon sufficient consideration.

ID.—SALE.—The promise to indemnify was as much a part of the consideration of the sale as the promise to pay the indebtedness, and until indemnity was furnished, the sale was incomplete.

UMATILLA COUNTY. Defendants appeal. Reversed and new trial ordered.

The facts are stated in the opinion.

*J. J. Balleray*, for Appellants.

By a fair construction, this instrument shows a valid undertaking, based on a sufficient consideration. If the consideration is ambiguous, that is, if it is uncertain whether the sale spoken of was a consummated one or not, the contract should have been admitted, and plaintiffs allowed to explain, by oral testimony, the real state of the facts mentioned in the instrument. (*Hannah* v. *Shirley,* 7 Oreg. 115; *Richards* v. *Snider & Crews,* 11 Oreg. 197; Wood Statute of Frauds, p. 704, § 364.) But the instrument sued on is not one that need express a consideration. This contract is not within the Statute of Frauds. That statute in no way affects specialties or contracts under seal, and they need no consideration to support them. (2 Sharswood's Blackst. Comm. p. 445, n. 6; Preston's Sheppard's Touchstone, 57, n. 24; *Jackson* v. *Alexander,* 3 Johns. 491; *Livingstone* v. *Tremper,* 4 Johns. 417; Wood Statute of Frauds, 171, § 101; *Douglass* v. *Howland,* 24 Wend. 39; 2 Smith's Leading Cases, *155, n.; *Williams* v. *Haynes,* 27 Iowa, 251; *Pintard* v. *Davis,* 21 N. J. L. 635.)

*W. L. Hill,* and *F. P. Mays,* for Respondent.

The instrument sued upon appears on its face to be a promise without any consideration sufficient to support it. There was for the promise of defendants no consideration of benefit or advantage to themselves, or of disadvantage or inconvenience to plaintiffs. Such a promise cannot be enforced. (*Starr* v. *Earle et al.* 43 Ind. 478; *Rix* v. *Adams et al.* 31 Am. Dec. 619.; *Utica Schenectady R. R. Co.* v. *Brinkerhoff,* 34 Am. Dec. 220.) This alleged promise of the defendants was collateral to the undertaking of S. E. Bloodsworth to Shaw, and was within the Statute of Frauds. (Civ. Code, § 775; *Leonard* v. *Vreedenburg,* 8 Johns. 28; *Brewster* v. *Silence,* 8 N. Y. 207; *Van Doren* v. *Tjader et al.* 1 Nev. 380; *Crosby et al.* v. *Jeroloman,* 37 Ind. 264.)

LORD, J. — This was an action for the recovery of money. In substance the facts are that for a long time prior to December 1,

1883, and during that year, S. E. Bloodsworth and one L. Shaw were partners in the business of retail liquor dealers at Pendleton, Oregon, under the firm name of Bloodsworth & Shaw; that during that year the said firm became, and on the 1st day of December, 1883, were indebted to the plaintiff in the sum of $934; that on said 1st day of December, Shaw, for a valuable consideration, sold and delivered to his partner Bloodsworth all his interest in the partnership business, and that Bloodsworth agreed, as a part of the consideration of the sale, to pay all indebtedness of the partnership, and to indemnify said Shaw against any liabiltiy therefor; that the defendants, in consideration of the above facts, sale, and agreement, did, on the 1st day of December, 1883, execute under seal, and deliver to said Shaw, their certain contract, of which the following is a copy:—

Whereas, L. Shaw has this day sold, assigned, transferred, set over, and delivered to S. E. Bloodsworth, all his right, title, and interest in and to the Arcade Saloon, in the town of Pendleton, Oregon, and by the terms of said bargain and sale the said S. E. Bloodsworth is to assume and pay all indebtedness now existing against the firm of Bloodsworth & Shaw, and to indemnify said Shaw against said liabilities; now, therefore, we, S. E. Bloodsworth, Emsley Ridenour, and S. P. Whitley, in consideration of the premises, hereby guaranty the performance of the said conditions of said contract on behalf of said S. E. Bloodsworth, and undertake to indemnify the said L. Shaw against said liabilities.    Witness our hands and seals the 1st day of December, 1883.

| [L. S.] | S. E. BLOODSWORTH. |
| [SEAL.] | S. P. WHITLEY. |
| [SEAL.] | EMSLEY RIDENOUR. |

It is further alleged that the plaintiffs thereafter brought an action at law against S. E. Bloodsworth and L. Shaw, and recovered judgment against them for $934 and costs, upon which judgment execution was issued and returned wholly unsatisfied; that the judgment remains unpaid; that on the day of the return of the execution Shaw assigned the said instrument of writing

to the plaintiffs; and that S. E. Bloodsworth has failed to pay the debt due from Bloodsworth and Shaw.

The answer puts in issue all the material allegations of the complaint. On the trial, which was by the court without a jury, the plaintiffs called witnesses who testified to the signatures of the defendants attached to the writing already set forth in full, and that the signatures were attached by the defendants, and thereupon offered the said instrument or writing in evidence. The defendants objected to its introduction on the ground that it was immaterial and irrelevant, and the court sustained the objection. The plaintiff then offered in evidence the transcript of the judgment recovered by the plaintiffs against Bloodsworth and Shaw, of an execution issued thereon and returned unsatisfied, to which defendants objected on the same ground, and the objection was sustained. The plaintiffs then offered a writing, purporting to be an assignment by Shaw to them of the original instrument first offered in evidence, which was objected to on the same grounds, and the objection was sustained.

The main question to be determined arises out of the construction to be given to the indemnity contract. The objection urged below, and strenuously insisted upon here, is that the instrument appears upon its face without any consideration to sufficiently support it. This argument proceeds upon the assumption that the words "has this day sold, assigned," etc., show a completed and past transaction when the indemnity contract was given; that it constituted no part of the consideration for the original transaction, but was a collateral engagement, entered into after the sale had taken place, without any consideration of benefit or advantage for the promise of the defendants, or of disadvantage or inconvenience to Shaw. It is true, as was said in *Starr* v. *Earle*, 43 Ind. 479, that "a valid consideration for a promise is of the very essence of a contract, and must exist although the contract be reduced to writing; otherwise, the promise is void." (Chitty Cont. 26, 27.) "It need not be of benefit to the party making the promises. It must be of some benefit to himself or to a third person, or some injury, loss, or

inconvenience to the promisee." (Chitty Cont. 29.) "A mere naked promise to pay the already existing debt of, another, without a new consideration, is void." (*Leonard* v. *Vredenburgh*, 8 Johns. 29; Chitty Cont. 52; Story Cont. p. 356, § 433.) And if, by the plain terms of the instrument, it is clear that the property was sold and delivered, then the transaction was complete and ended, and the agreement to indemnify, although given in consideration of it, was for a transaction past and gone, and which did not constitute the inducement or consideration for such agreement or undertaking, when entered into. But is this so? Do the terms of the instrument, construed as a whole, import this effect? For if, at the time the contract of sale was made, it was agreed that this indemnity was to be given, and was a part of the consideration and inducement for it, then it would constitute a sufficient consideration for their undertaking, and ought to be enforced.

While it is true that the instrument says, "Shaw has this day sold," etc., it proceeds to say that, "by the terms of said bargain and sale, the said S. E. Bloodsworth is to assume and pay all the indebtedness now existing against the firm of Bloodsworth & Shaw, and to indemnify the said L. Shaw against said liabilities." Here are distinctly set forth two things which constitute the consideration or inducement for such sale: (1) The assumption and payment of the firm's indebtedness; and (2) the indemnity against any liability arising out of such indebtedness. The promise to indemnify is equally as important a factor of the consideration of such sale as the promise to assume and pay the indebtedness of the firm; and together they constitute the inducement for and consideration upon which the sale is to be made effectual. They are the props upon which the sale is to stand, and which will make it a complete and binding contract when the indebtedness of the firm is assumed and the indemnity furnished. The language is that he "is to assume and to indemnify," and until these things are done there is no sale. When the consideration for a sale is made to depend upon the doing of certain things, such as assuming certain liabilities, and furnishing indemnity against them, as in this

case, these things must be done before the sale is complete and the title to the property vested. It is clear, therefore, by the terms of the sale, as recited, and which is of the essence of the contract, what was intended and meant by the words "has this day sold," etc. The instrument proceeds: "Now, therefore, we, etc., in consideration of the premises, hereby guaranty the performance of the said conditions of said contract on behalf of said S. E. Bloodsworth, and undertake to indemnify the said L. Shaw against said liabilities."

From what has already been said of the recital, it is manifest that the true interpretation to be given to the word "sold" is "contracted to sell." (*Russell* v. *Nicoll*, 3 Wend. 118.) It was a contract to sell upon the terms therein provided and already named. It is in consideration of such contract to which the "premises" refer, and in pursuance of which the instrument was given. That contract provided by its terms that Bloodsworth is to assume and pay the indebtedness of the firm, and to indemnify Shaw against such liabilities, and in pursuance of it; and to carry that contract into effect is the consideration for which this instrument was given, whereby the parties undertake to guaranty the performance of the conditions of the contract, and to indemnify Shaw. It was done in pursuance of that contract, and is the consideration upon which it was founded. "Had the contract," said Redfield, J., "been made in pursuance of a contract entered into at the time of plaintiff's becoming surety for Adams to Downer, it would be considered a part of that contract, and upon sufficient consideration." (*Rix* v. *Adams*, 9 Vt. 233.) This view is consistent with the instrument construed as a whole, is in accord with its manifest intent, and renders it an operative and binding obligation. A contract must be construed so as to give effect to all its parts, and carry out the obvious intentions of the parties; and that construction is to be given to a contract which will make it legal, rather than one which will make it void. (2 Pars. Cont. 500, 505.) As the other objections are dependent upon this, this result precludes the necessity of their examination. The judgment must be reversed and a new trial ordered.