On Motion to Dismiss decided March 30, 1909.
Argued March 23, decided April 26, rehearing denied November 29, 1910.

## KEADY v. UNITED RYS. CO.

[100 Pac. 658; 108 Pac. 197.]

APPEAL AND ERROR—NOTICE OF APPEAL—DESCRIPTION OF JUDGMENT
—SUFFICIENCY.

1. The notice of appeal should enable the court, by a fair construction thereof, and without resort to other evidence than that contained in the transcript, to determine that the appeal is taken from the judgment in a particular case.

APPEAL AND ERROR—NOTICE OF APPEAL—DESCRIPTION OF JUDGMENT.

2. The undertaking on appeal may be examined to identify the judgment sought to be reviewed in order to sustain the sufficiency of the notice of appeal.

APPEAL AND ERROR—NOTICE OF APPEAL—DESCRIPTION OF JUDGMENT.

3. A notice of appeal stated the title of the case, opposite which were two case numbers, and required plaintiff to take notice that defendant in the above-entitled action appealed to the Supreme Court from the judgment rendered therein on June 10, 1908, which judgment was of record in journal No. 173 of the circuit court at page 425, in favor of plaintiff. The undertaking on appeal recited that defendant appealed to the Supreme Court from a judgment rendered against him on June 10, 1908, for $24,583.23, etc., and a certified copy of the judgment roll showed that on November 8, 1906, and December 29th, plaintiff commenced actions in the circuit court against defendant herein, and a journal entry, made June 4, 1908, recited that the two cases, giving their title and numbers as stated in the notice of appeal, were consolidated, and the verdict in the consolidated case recited a finding for plaintiff in the sum stated in the undertaking, and the judgment ordered that plaintiff recover from defendant that sum. Section 549, B. & C. Comp., makes a notice of appeal sufficient if it contains the title of the cause, the parties, and notifies the adverse party or his attorney that an appeal is taken from the judgment, etc. *Held,* that the notice of appeal, aided by the recitals from the undertaking and the judgment roll, sufficiently identified the judgment sought to be reviewed, though the transcript did not show the volume or page of the journal where the judgment was recorded, and the references thereto in the notice of appeal would be regarded as surplusage.

EXCEPTIONS, BILL OF—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF BILL OF EXCEPTIONS.

4. A transcript of the reporter's notes of oral testimony and proceedings of a trial covering 324 pages of typewritten matter, certified to by the trial judge to be "a true and correct statement of all the proceedings had in said case, and together with the exhibits attached contains all of the evidence introduced on the trial," is not a bill of exceptions required by statute.

APPEAL AND ERROR—REVIEW—REFUSAL OF NONSUIT—SUFFICIENCY OF BILL OF EXCEPTIONS.

5. To justify a review of an alleged error in refusing a motion for an involuntary nonsuit, the bill of exceptions must affirmatively show that it contains all the evidence before the court when the motion was made.

EXCEPTIONS, BILL OF—INCORPORATING EVIDENCE.

6. A separate bundle of papers fastened together, none of which bears any indorsement indicating that it had been used as evidence in the case, or had been filed therein by the clerk of the trial court, and which has not been made a part of the bill of exceptions by being physically attached thereto, or certified in any manner by the trial judge, merely having attached a certificate of the county clerk that the papers constitute exhibits in the case, is not a part of the bill of exceptions.

PLEADING—REVIEW—COMPLAINT NOT TESTED BY DEMURRER.

7. On appeal, the sufficiency of a complaint to state a cause of action which has not been tested by demurrer or by motion before trial will be more liberally construed than when tested by demurrer before trial.

CONTRACTS— CONSTRUCTION— CONTRACTS SUSCEPTIBLE OF TWO CONSTRUCTIONS.

8. If a contract be susceptible of two different constructions, one tending to make it legal and the other illegal, that construction will be accepted which will make it legal rather than the other.

CONTRACTS— VALIDITY— FRAUD BY PERSONS HOLDING POSITIONS OF TRUST.

9. It is the policy of the law to secure fidelity in the discharge of their duties of all persons holding positions of trust and confidence, and to that end it will denounce as void agreements made by them with others which may tend to inflict a fraud on third persons interested, but where all the persons interested are parties to the contract, or have knowledge of its terms, and have expressly or impliedly agreed thereto, the contract will not be fraudulent as to them.

CONTRACTS—VALIDITY.

10. A contract with several stockholders of a corporation individually to pay them certain sums if they would agree to a sale of the corporate property, it not appearing that there were other stockholders of the corporation not parties to the contract, and the stockholders having agreed to the terms offered, so that if there was any inequality as to the amount the several shareholders were to receive respectively under the contract each must have consented to what the others were to receive, would not be deemed illegal as in fraud of any stockholder, especially where all the stockholders to the contract ratified what was done by assigning their claims to another.

EVIDENCE—PRESUMPTIONS—CORPORATE ACTS.

11. Where a corporation sells property at public sale, it must be assumed that the reasonable value thereof was obtained by the officers of the corporation.

Decided March 30, 1909.

## ON MOTION TO DISMISS.

[100 Pac. 658.]

From Multnomah: THOMAS O'DAY, Judge.

*Mr. Martin L. Pipes,* for the Motion.

*Mr. William M. Gregory* and *Mr. Arthur C. Emmons,* contra.

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is a motion to dismiss an appeal on the ground that the notice thereof does not sufficiently identify the judgment attempted to be reviewed. The notice of appeal is as follows:

"In the Circuit Court of the State of Oregon for the County of Multnomah.

L. Y. KEADY,
                                    *Plaintiff*,
     *v.*                                                B 1415.  B 1610.
UNITED RAILWAYS COMPANY,
                                    *Defendant.*

"To L. Y. Keady, Above-Named Plaintiff, and to Martin L. Pipes, Attorney for Plaintiff:

"You will please take notice that the defendant in the above-entitled action hereby appeals to the Supreme Court of this State from the judgment made, rendered and entered in the above-entitled action on the 10th day of June, 1908, which said judgment is of record in journal 173 of said circuit court at page 425 thereof in favor of the plaintiff in said action and against said defendant, and from the whole thereof.

"Dated this 29th day of July, A. D. 1908.

"Yours, &c.,

"A. C. EMMONS,
"W. M. GREGORY,
"W. D. FENTON,
          *"Attorneys for Defendant."*

It will be observed that the notice quoted does not specify the character of the judgment, whether for property recovered or for money awarded, and, since it is for the latter, it is argued by plaintiff's counsel that the amount thereof is not designated. The statute prescribes the following requirements for a notice of appeal, to wit:

"Such notice shall be sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party or his attorney that an appeal is taken to

the Supreme or circuit court, as the case may be, from the judgment, order, or decree, or some specified part thereof." Section 549, B. & C. Comp.

An inspection of a notice of appeal ought to enable the court by fair construction or reasonable intendment, and without a resort to any other evidence than that which the transcript on appeal affords, to determine that the appeal is taken from the judgment or decree in a particular case. *Neppach* v. *Jordan*, 13 Or. 246 (10 Pac. 341) ; *Crawford* v. *Wist*, 26 Or. 596 (39 Pac.. 218). The transcript in this cause does not contain any memoranda relating to the volume or page of the journal where the judgment complained of is recorded. Whether or not the clerk of the trial court can, by a supplemental certificate, remedy the defect in this particular, is unnecessary to inquire, for we believe the notice of appeal, when compared with the record, is sufficient without such further attestation, and all reference to the book and page indicated will be disregarded as surplusage. *Summers* v. *Geer*, 50 Or. 249 (85 Pac. 513: 93 Pac. 133).

2. The undertaking on appeal may be examined in order to identify the judgment or decree sought to be reviewed. *Moorhouse* v. *Donica*, 13 Or. 435 (11 Pac. 71) ; *Salem Traction Co.* v. *Anson*, 41 Or. 562 (67 Pac. 1015: 69 Pac. 675).

3. The undertaking on appeal herein contains a clause as follows:

"Whereas, the defendant in the above-entitled action appeals to the Supreme Court of the St'te of Oregon, from a judgment made and entered agains said defendant in said action in the said circuit court in favor of the plaintiff in said action, on the 10th day of June, A. D. 1908, for $24,583.23 and $384.35, costs of suit, now, therefore," etc.

A certified copy of the judgment roll transmitted to this court shows that on November 8, 1906, and Decem-

ber 29th of that year the plaintiff herein commenced actions in the circuit court for Multnomah County against the defendant herein, and sets forth, *inter alia,* a journal entry, made June 4, 1908, as follows:

"Now at this time this cause coming regularly on for trial, * * by consent of the attorneys in open court for the respective parties to this action, it is ordered that the two cases, each entitled L. Y. Keady *v.* United Railways Co., case No. B 1415 and B 1610 be and the same are hereby consolidated."

A verdict in such court and cause having thereon the numbers so indicated was returned, and is as follows:

"We, the jury in the above-entitled cases, find for the plaintiff in the sum of $22,703.33, with interest at 6 per cent per annum on $13,270 from January 31, 1906."

Based thereon a judgment was rendered, which, so far as material herein, is as follows:

"Now therefore it is ordered and adjudged that the plaintiff have and recover of and from the defendant the sum of $22,703.33, together with interest on the sum of $13,270 at the rate of 6 per cent per annum from January 31, 1906, to wit: the sum of $1,879.90, interest, and for his costs and disbursements, taxed at $———.''

The notice of appeal, aided as it is by the undertaking therefor, and construed with that part of the transcript above set forth, contains, in our opinion, such a description of the judgment sought to be reviewed as specifically to identify it; and the process employed is sufficient to confer jurisdiction of the cause.

This being so, the motion herein is denied.

MOTION DENIED.

Argued March 23, decided April 26, rehearing denied November 29, 1910.

ON THE MERITS.

[108 Pac. 197.]

Statement by MR. JUSTICE SLATER.

This is an action by L. Y. Keady against the United Railways Company to recover money upon a contract. The complaint contains 25 separate causes of action, all of which, except the last, are upon claims assigned to plaintiff. Each of the 24 assigned causes of action first set forth are identical as to the character of the contract upon which the right to recover is based.

It is alleged, in effect, that at the time of the making of the contract sued upon, the Oregon Traction Company was a corporation, duly organized and existing under the laws of this State for the purpose of owning, purchasing, constructing, and operating railways herein and in the city of Portland; that such corporation owned and was in possession of valuable franchises from the State of Oregon and the city of Portland of rights of way and easements for the construction and operation of railways, and of rails and other property, all of a value greater than $200,000; that the defendant corporation, desiring to purchase of the Oregon Traction Company all of its property, including rights of way and franchises, proposed to the several stockholders thereof that if they would consent to the sale the defendant would, in consideration of such consent, pay to such several stockholders the amount that each of them had paid in cash upon his subscription to the stock of the corporation; that, in consideration of the offer so made, and relying thereon, at a duly called meeting of the stockholders of the Oregon Traction Company held on January 31, 1906, there was passed by unanimous consent of all the stockholders a resolution, authorizing the sale; that afterwards, on March 15th, in pursuance of such consent, the

defendant purchased at public sale all of the corporate property of the Oregon Traction Company, receiving and accepting from it a proper conveyance thereof, and entered into possession of the property, which it now owns and holds; that each of plaintiff's assignors, who were stockholders of the Oregon Traction Company, has paid on his stock to the company the amount sought to be recovered in each particular cause of action; and that in consideration of his consent so given to the sale defendant promised and agreed to and with such stockholder to pay said amount, which it has failed to do. To this is added an averment of an assignment of each of the several claims to plaintiff before the commencement of the action.

The averments of the complaint, setting forth plaintiff's individual claim, are the same as those of the assigned claims, with the exception as to the amount to be paid. In that case defendant was to pay plaintiff the reasonable value of his 998 shares of stock, which are alleged to be of the value of $35 per share.

The answer consists of denials of the material averments of the complaint. Subsequent to the filing of this action, plaintiff brought a second action against the same defendant, upon the claims of thirteen other shareholders, which had been assigned to him. The statement of the several causes of action therein is in the same language as those in the first complaint. This latter cause was put at issue upon an answer consisting of denials only. By consent of the parties an order was made by the court consolidating these actions, and they were tried before a jury as one action. A verdict was returned in plaintiff's favor, and from the judgment entered thereon the defendant has appealed.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Arthur C. Emmons, Mr. William M. Gregory* and

*Mr. William D. Fenton,* with oral arguments by *Mr. Emmons* and *Mr. Gregory.*

For respondent there was a brief and an oral argument by *Mr. Martin L. Pipes.*

MR. JUSTICE SLATER delivered the opinion of the court.

4. Many assignments of error, based on rulings of the court, on receipt and rejection of testimony, and on instructions given and refused, are presented for our consideration, but we are confronted with an objection entered by plaintiff's counsel to any consideration thereof by the court. The objection is that no proper or legal bill of exceptions has been presented. There is on file a document indorsed "Bill of Exceptions," but it consists of a transcript of the reporter's notes of the oral testimony and proceedings of the trial, and covers 324 pages of typewritten matter, which has been certified to by the trial judge to be "a true and correct statement of all the proceedings had in said case, and together with the exhibits attached contains all of the evidence introduced upon the trial." It has been many times held by this court that such a transcript of the proceedings of a trial does not conform to the requirements of the statute, and is not a bill of exceptions. Counsel for appellant may term it a bill of exceptions, and so label it, but it is not one in fact. In some previous cases in this court, even where the infraction of the statute in such matters was not so extreme, and the burdens imposed upon the court not so great, this court has, of its own motion, refused to search through such a record to ascertain if error could be found. But in this case opposing counsel has entered an objection to the sufficiency of the bill of exceptions, insisting and protesting against the consideration thereof by the court. Under such circumstances, we cannot do otherwise than apply the reasoning found in the numerous previous rul-

ings of the court announced in the following cases:
° *Beadle* v. *Paine,* 46 Or. 424 (80 Pac. 903); *Nosler* v.
*Coos Bay Nav. Co.,* 40 Or. 305 (63 Pac. 1050: 64 Pac.
855); *MacMahon* v. *Duffy,* 36 Or. 150 (59 Pac. 184);
*O'Connor* v. *Van Hoy,* 29 Or. 505 (45 Pac. 762); *Hamil-
ton & Rourke* v. *Gordon,* 22 Or. 557 (30 Pac. 495);
*Eaton* v. *Oregon R. & N. Co.,* 22 Or. 497 (30 Pac. 311);
*Janeway* v. *Holston,* 19 Or. 97 (23 Pac. 850); *Tucker* v.
*Salem F. M. Co.,* 15 Or. 581 (16 Pac. 426); *State* v. *Mur-
ray,* 11 Or. 413, 414 (5 Pac. 55). We therefore must
decline to examine any of the assignments of error based
upon rulings made by the trial court on the admission
or rejection of testimony, or instructions given or refused
by the court.

5. It is next insisted that this record, called a "bill of
exceptions," cannot be examined by the court for the
purpose of determining the question arising on a denial
of the defendant's motion for a nonsuit, for the reason
that it affirmatively appears upon the face thereof that
the transcript, or bill of exceptions, does not contain all
of the evidence. To review alleged error in refusing
a motion for an involuntary nonsuit, the bill of excep-
tions must affirmatively show that it contains all the evi-
dence before the court at the time the motion was made:
*National Bank* v. *Fire Association,* 33 Or. 173 (50 Pac.
568: 53 Pac. 8); *Carney* v. *Duniway,* 35 Or. 131 (57
Pac. 192: 58 Pac. 105); *Adkins* v. *Monmouth,* 41 Or.
266 (68 Pac. 737).

6. The transcript of the evidence shows that consider-
able documentary evidence was offered by plaintiff upon
his case in chief, which was received and marked as
exhibits in the case. The certificate of the trial judge
to the bound volume of evidence is to the effect that it,
together with the exhibits attached, contains all the evi-
dence introduced upon the trial, but there are no exhibits
attached, hence the effect of the certificate is that the

transcript of the evidence alone does not contain all of
the evidence. A separate bundle of papers fastened°
together, which appear to have been used as evidence
in some case, has been sent up to this court, but none
of the documents contained therein bear any indorsement
indicating that they had been used as evidence in this
case, or had been filed therein by the clerk of the trial
court. They have not been made a part of the bill of
exceptions by being physically attached thereto, nor are
they identified in any manner by the trial judge. How-
ever, there is attached a certificate of the county clerk,
to the effect that they constitute exhibits in the present ·
case but that is not the identification required by the stat-
ute, and is not sufficient to make them a part of the bill
of exceptions: *State* v. *Kline,* 50 Or. 426, 430 (93 Pac.
237) ; *Multnomah County* v. *Willamette Towing Co.,* 49
Or. 204, 214 (89 Pac. 389).

7. There is nothing, therefore, before this court which
it can consider, excepting the question whether the com-
plaint states a cause of action. This question was raised
by defendant's motion for judgment on the pleadings,
which motion was interposed after the testimony of all
the parties was in. The sufficiency of the complaint, not
having been tested by demurrer, or by motion before trial,
it will be more liberally construed than when tested by
demurrer before trial: *Cederson* v. *Oregon Nav. Co.,* 38
Or. 343 (62 Pac. 637: 63 Pac. 763) ; *West* v. *Eley,* 39 Or.
461 (65 Pac. 798) ; *Walker* v. *Harold,* 44 Or. 205 (74
Pac. 705) ; *Portland Iron Works* v. *Willett,* 49 Or. 245,
249 (89 Pac. 421: 90 Pac. 1000).

8. The motion is urged on the theory that the alleged
contract is void as against public policy. If a contract
is susceptible of two different constructions, one of which
tends to make it legal, and the other one illegal, that con-
struction is to be given to the contract which will make
it legal, rather than the one that will make it illegal.

2 Parsons, Contracts (9 ed.) 500; 15 Am. & Eng. Enc. Law (2 ed.) 933; *Hobbs* v. *McLean,* 117 U. S. 569 (6 Sup. Ct. 870: 29 L. Ed. 940) ; *U. S.* v. *Central P. Ry. Co.,* 118 U. S. 235, 240 (6 Sup. Ct. 1038: 30 L. Ed. 173) ; *Hildebrand* v. *Bloodsworth,* 12 Or. 75, 80 (6 Pac. 233) ; *Arment* v. *Yamhill County,* 28 Or. 474, 479 (43 Pac. 653).

9. Plaintiff and his assignors were stockholders of the Oregon Traction Company, the property of which defendant wished to purchase. The property was necessary to the carrying on of the business for which the corporation was organized. To make the sale valid it was necessary that it should be authorized by a vote of the stockholders, and not by the directors. It is urged that plaintiff and his assignors, being stockholders, owed a duty to their fellow stockholders and the creditors of the corporation, and that, therefore, they could not lawfully sell their vote in the transaction of corporate business, or contract to vote in a particular way in the management of corporate affairs, and that any such contract would be void, as being calculated to work a fraud upon the rights of other parties interested in the corporation. The principle of law stated is undoubtedly correct, but in our view it has no application to the facts in this case, as set forth in the complaint. The following authorities were cited in support of the contention named : 1 Cook, Stockholders, § 622; 1 Page, Contracts, § 408; *West* v. *Camden,* 135 U. S. 507 (10 Sup. Ct. 838: 34 L. Ed. 254) ; *Guernsey* v. *Cook,* 120 Mass. 501; *Fuller* v. *Dame,* 18 Pick. (Mass.) 472; *Cone* v. *Russell,* 48 N. J. Eq. 208 (21 Atl. 847) ; *Wilbur* v. *Stoepel,* 82 Mich. 344 (46 N. W. 724: 21 Am. St. Rep. 568). As announced by these authorities, it is the policy of the law to secure fidelity, in the discharge of their duties, on the part of all persons holding positions of trust and confidence, and it does this by denouncing as void agreements made by them with others which may tend to inflict a fraud upon third persons interested,

and hence it is held that a contract to make a private gain at the expense of a corporation is a fraud upon the corporation and other stockholders; and accordingly a contract between less than all of the stockholders of a corporation, for the election of one or more of the parties thereto to a lucrative office in the corporation is invalid. 1 Page, Contracts, § 408. But where all the parties interested are parties to the contract, or have knowledge of the terms of the contract, and have expressly or impliedly agreed thereto, there can be no possible fraud upon them.

10. The complaint does not state anything tending to show that there were any other stockholders than those named therein, but it avers that the defendant proposed to the several stockholders that, if they would consent to a sale, it would pay to the several stockholders the sum named in the complaint. Defendant's counsel, in their brief, have construed this to mean that the proposal so made was to all of the stockholders, and that before plaintiffs could recover they must offer proof, showing that all had consented thereto. While the offer was personal to each shareholder, yet it was made to all of them, and therefore, all of them being parties to the contract, each of them knew when making the contract for himself what every other one was to receive. If there were any inequality as to the amount the several shareholders were to receive respectively under the contract, which is not claimed, yet, as all agreed to the terms offered, each must have consented to what the others were to receive, and there could be no fraud upon any stockholder resulting from such contract. In *Jones* v. *Williams,* 139 Mo. 1 (39 S. W. 486: 40 S. W. 353: 37 L. R. A. 682: 61 Am. St. Rep. 436), the contract sued upon was assailed as void for the same reason asserted here. The contract was for the sale by the principal stockholder to plaintiff of a quantity of shares of stock in a corporation which owned

and conducted a newspaper. The contract included an agreement to elect plaintiff to the position of managing editor at a fixed salary. A suit in equity was brought to enjoin defendants, some of whom were not parties to the contract, from committing a threatened breach thereof, by discharging plaintiff from his position. It appeared, however, that all the stockholders knew of the terms of the contract and had acquiesced therein, and the majority of the court held that for that reason it was not void. In *Wilbur* v. *Stoepel*, 82 Mich. 344 (46 N. W. 724: 21 Am. St. Rep. 568), plaintiff had an agreement with two of the three stockholders of the corporation who were directors. It was to the effect that, in consideration of the purchase of the stock by him, he would be employed as business manager of the corporation for the period of two years. The action arose from a breach of the contract. The pivotal question in that case was whether the third stockholder, although not a party to the contract, had consented to it. It was found as a fact that he had not, and the contract, for that reason, was declared void as against public policy. But it seems to have been conceded in the opinion that if it were shown that he had assented to the agreement the contract would have been binding and enforceable.

11. It may be argued that as plaintiff was to be paid the reasonable value of his shares, and not the amount of his cash contribution to the capital stock in payment of his shares, it was possible that his special contract would result in an unfair advantage to him, as against his fellow shareholders. But there is nothing in the complaint which discloses that there was any difference in fact between the cash value and the reasonable value of the stock, and we think we would be unwarranted in assuming that there was in fact any difference. In any event, all the parties appear to have ratified what was done by assigning their claims to plaintiff, and for that reason,

if for no other, there appears to be no reason to impute a possible fraud upon any of them. We are equally unable to see how the agreement could operate to the injury of creditors, for it does not appear from the complaint that there were any creditors, and it also appears that the property was purchased by the defendant at public sale, and under such circumstances we must assume that the reasonable value thereof was obtained and received by the officers of the corporation for the payment of its debts.

We are of the opinion, therefore, that the complaint states a cause of action, and is sufficient, in substance, to support the judgment, which is affirmed.

AFFIRMED.