Submitted on briefs without argument July 11, decided July 15, 1913.

Rehearing denied September 9, 1913.

## WILLEY *v.* HERRETT.

(133 Pac. 630.)

**Pleading—Amendment—Motion to Strike.**

1. Where an amended complaint restated the first cause of action pleaded identically with the allegation thereof in the original, a motion to strike out the amended complaint as a whole, because the second cause of action was changed from an action on a current account to an action on an express contract, was properly overruled.

[As to amendments to pleadings varying or altering the cause of action, see note in 51 Am. St. Rep. 414.]

Pleading—Amendment—Causes of Action—Change.

2.  An amendment of a second cause of action pleaded, which only segregated the amount claimed by dividing it into items aggregating the same sum as claimed in the second cause of action pleaded in the original complaint, did not so change the cause of action pleaded as to render it subject to motion to strike.

Exceptions, Bill of—Form and Requisites.

3.  A purported bill of exceptions, composed almost entirely of questions and answers, with objections and remarks of counsel and the judge, accompanied by a certificate of the official reporter that the same was a correct transcript of all the evidence taken by him in the action, and the whole thereof, but not stating that it was all of the testimony, and showing that exhibits omitted also failed to identify the instructions, and not appearing to have been authenticated by the judge, except that the typewritten matter indicated that he certified to having given an instruction concerning an application of payment which was quoted, was not a proper bill of exceptions.

From Coos: JOHN S. COKE, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by B. F. Willey and William Schroder, copartners as Willey & Schroder, against J. T. Herrett.

The original complaint contained two causes of action, one for $8.75, on account of labor performed, merchandise furnished, and money expended, and the other for like charges incurred at a different time, amounting to $178.10, for defendant's use and benefit, which he agreed to pay to the plaintiffs.   Afterward, and before trial, the plaintiffs moved the court for leave to file an amended complaint.   No showing of merits accompanied the application, but the court allowed the motion, and the revised pleading was filed, containing three causes of action.   The first was the same as the first one stated in the original complaint, the second was for $161, and the third was for $17.10. All three were for items of labor performed, materials furnished, and money paid for the defendant's use and benefit, and for which he promised to pay the plaintiffs.   The total amount demanded was the same in

each complaint, the only difference being in the dates for which interest was demanded in the prayer on the several items.

After the amended complaint was filed, the defendant moved to strike the same from the files, "on the ground that a new and distinct cause of action had been inserted therein as an amended complaint," but the motion was denied. Thereafter the defendant answered, denying all the allegations of the amended complaint, except his refusal to pay the demands of the plaintiffs. For a further defense to each separate cause of action, the defendant pleaded payment of the same.

The reply denied all the affirmative matter of the answer. The jury trial resulted in a verdict and judgment for the plaintiffs, from which the defendant appeals. Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. John F. Hall, Mr. James T. Hall* and *Mr. Harry G. Hoy.*

For respondent there was a brief over the name of *Mr. George Watkins.*

MR. JUSTICE BURNETT delivered the opinion of the court.

According to the language of his brief, the defendant presents two questions: "(1) The right of a plaintiff to amend his complaint by changing the cause of action from an action on current account to an action on express contract; (2) the authority of the jury to pass upon the ownership of a fund, where the evidence

shows that an agent representing several different principals, each of whom is indebted to a common cred-itor, who is likewise the creditor of the agent, pays the money of one of his principals to such common creditor without indicating on which debtor's account such money is to be applied.''

1. The only method employed by the defendant to raise the first question was by the motion to strike out the whole of the amended complaint. The abstract dis-closes that the first cause of action stated in that plead-ing was identical with the first cause stated in the original complaint; and, in any view of the case, that part was not amenable to the objection which the de-fendant would urge upon us. Even if his position were correct, he asked too much by his motion, in that he sought to strike out what was confessedly legitimate matter. His motion was rightly overruled, on that ground, if on no other.

2. An examination of the amended pleading, however, shows that the quality of the action was not changed. The substance of the amendment was to segregate the amount claimed in the second of the two causes of action in the first complaint into two items aggregating the same as in the first instance, the only difference being in the dates assigned to the performance of the services mentioned. Manifestly, the same kind of proof was applicable to either one of the complaints. Hence no error was committed in that respect.

3. On the record before us we find it impossible, within the rules many times laid down by this court respect-ing bills of exceptions, to consider the second question. What is offered here as a bill of exceptions is a copy certified by the clerk to have been compared by him with an original bill of exceptions. It is composed almost entirely of what appears to be questions and answers of witnesses thereto, with objections and re-

marks of counsel and the judge, accompanied by the certificate of the official reporter that the same is a correct transcript of all the evidence taken by him in the foregoing action, and is the whole thereof, but it is not stated that it is all the testimony in the case. Sundry exhibits are alluded to in this narration of the testimony, but they are neither read into the record, nor do they accompany it. What is apparently a charge to the jury is bound in with the foregoing matter, but whether it is the charge in this case is not stated by anyone. The bill of exceptions does not appear to be authenticated by the judge before whom the action was tried, except that the typewritten matter indicates that he certifies to having given an instruction about the application of payments, which is quoted. Such a paper does not in any sense constitute a bill of exceptions, authorizing the court to consider the question raised by the defendant's brief. It has so often been held, as to amount to horn-book law in this state, that narration in the form of questions and answers, including objections of counsel and rulings of the court, as the same take place at the trial does not constitute a bill of exceptions. Neither will the court, for the purpose of discovering errors, search through such a volume of testimony. The rule governing the formation of a bill of exceptions is thoroughly discussed, and the precedents rehearsed, by Mr. Justice SLATER in *Keady* v. *United Rys. Co.,* 57 Or. 325 (100 Pac. 658, 108 Pac. 197). This case has been followed in *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12). In the absence of regular authentication of a proper bill of exceptions, we cannot determine whether the question presented constitutes error or not.

The judgment will therefore be affirmed.

                     AFFIRMED: REHEARING DENIED.