Argued December 2, decided December 9, rehearing denied December 30, 1913.

# LITSCHER *v.* ALEXANDER.

(136 Pac. 847.)

**Exceptions, Bill of—Requisites—Certified Transcript.**

1. A transcript certified to by the trial judge as containing all the testimony except certain exhibits, not styled a bill of exceptions, will not be considered for that purpose by the Supreme Court.

**Appeal and Error—Record—Matters Presented for Review.**

2. In an action on a note, where the defense was that it was given for the price of land and was secured by a mortgage on the land which had been foreclosed, where the court made no findings as to that defense, and no motion for additional findings and no bill of exceptions appears in the record, the Supreme Court cannot consider the defense.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action in the usual form by L. H. Litscher against J. T. Alexander, Ada F. Alexander and George H. McKee upon a promissory note indorsed to the plaintiff for value, in the regular course of business, before maturity.

The answer admits the execution of the note, denies that there is anything due thereon, and traverses the allegation of indorsement. The substance of the affirmative matter in the answer is to the effect that the note was given to the indorser for part of the purchase price of real property and secured by mortgage on that realty. It alleges that the security was subordinate to another mortgage then on the land, and that, in a suit by the senior mortgagee to foreclose the paramount security, the plaintiff here was made a party defendant as a junior encumbrancer, and that a decree was made upon the stipulation of the parties to that suit to the effect that the property should be sold

and the proceeds applied: First, to the payment of the senior mortgage; and, next, to the payment of the mortgage securing the note described in the complaint in this action.

The reply denies the allegations of the answer on the subject of the note and mortgage having been given to secure part of the purchase price of the land mentioned. By consent of the parties the case was heard by the court without a jury. As a result of the trial the court made an entry in its journal, which, after reciting the appearance of the parties by their attorneys, proceeds thus: "The court finds that the facts set forth in the complaint are true, and that the plaintiff is entitled to a judgment as prayed for in the complaint. The court further finds that the said J. T. Alexander and Ada F. Alexander did on September 24, 1906, execute and deliver their certain promissory note for the sum of $2,600, payable on or before five years after date to the order of George H. McKee, said note bearing interest at the rate of 8 per cent per annum; that, to wit, April, 1909, said George H. McKee, for value, duly assigned, transferred, and set over said note to the plaintiff herein, and that plaintiff herein is the holder and owner of the said note; that no interest has been paid on said note since September 24, 1908, and there is now due and owing on said note four years' interest at the rate of 8 per cent on the said $2,600, or a total of $832; that said note provides, in case suit or action is instituted to collect the same, a reasonable attorney's fee shall be allowed. The court finds that a reasonable attorney's fee for instituting and prosecuting this suit is $200; and that said plaintiff is entitled to recover of and from the said defendants the said sum of $2,600 principal, $832 interest, and $200 attorney's fee, and the costs of this suit, amounting to $33.50. Therefore it is ordered, adjudged, and decreed that plaintiff do have and recover

of and from the defendants, and each of them, the sum of $3,632, and the costs of this suit, taxed at $33.50, and that execution issue therefor.''

AFFIRMED : REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Oglesby Young, Mr. George A. Pipes* and *Mr. J. H. Middleton,* with oral arguments by *Mr. Young* and *Mr. Pipes.*

For respondent there was a brief over the name of *Messrs. Rauch & Senn,* with an oral argument by *Mr. F. S. Senn.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It is provided in Section 426, L. O. L., that ''when judgment or decree is given for the foreclosure of any mortgage, hereafter executed, to secure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same.''

1. No bill of exceptions appears in the record. It is true that the judge has certified a transcript of all the testimony presented at the trial, excepting only certain exhibits; but it is not even styled a bill of exceptions and cannot be considered for that purpose: *Keady* v. *United Rys. Co.,* 57 Or. 325 (100 Pac. 658, 108 Pac. 197) ; *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12, 991) ; *Portland Pub. Market etc. Co.* v. *Woodworth,* 67 Or. 327 (135 Pac. 529) ; *West* v. *McDonald,* 67 Or. 551 (136 Pac. 650).

2. No motion for findings in addition to those quoted from the judgment entry appears in the record. In *Freeman* v. *Trummer,* 50 Or. 287 (91 Pac. 1077), Mr. Justice MOORE states the rule thus:

"When a defendant controverts the allegations of a complaint by his answer and also sets up facts intended to constitute a complete defense to the cause of action stated, he thereby presents a theory of the case that is usually inconsistent with the plaintiff's hypothesis, and the adoption of either legal principle by the court, after a trial of the issue without a jury necessarily implies a rejection of the theory of the adverse party. If the findings of fact in such a case conform to the proposition, as evidenced by the material controverted averments of either party, and are adequate to uphold the judgment based thereon, the conclusion reached, as the result of a judicial investigation, is sufficient in law, though no findings are made· in respect to the theory of one of the parties: *Lewis* v. *First Nat. Bank,* 46 Or. 182 (78 Pac. 990); *Jennings* v. *Frazier,* 46 Or. 470 (80 Pac. 1011.)"

Under this rule and the state of the record before us, there is nothing indicating that the note in question was in fact a purchase money instrument and consequently nothing to which we can apply the contention of the appellants.

The judgment is affirmed.

AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.