C. L. ALLRED v. J. F. BURNS.

*Exceptions to Evidence should Specify Grounds of Objection— Construction of Contract—Time of Payment.*

1. Exceptions to evidence, in order to have force, should specify some sufficient ground of objection to the evidence to which they have reference.

2. Where the plaintiff sold his lease of a mine and land to the defendant for thirty-five hundred dollars, of which one thousand dollars, by written agreement, was to be paid "upon the making of the third payment to the defendant by D." (to whom defendant had sold) "on the 22d day of September 1885": *Held*, that the payment of the one thousand dollars to plaintiff was not conditioned upon the payment to the defendant by D. of his third payment, but was determined by the words of the agreement, "on the 22d day of September, 1885."

This was a CIVIL ACTION, tried before *Merrimon, J*, at April Term, 1889, of the Superior Court of MOORE County.

The plaintiff brought this action to recover the sum of $250, which, he alleges, he placed in the hands of the defendant to be paid and applied to a purpose specified, and which he failed to so apply, but used for his own purposes; and also the other sum of $1,000, which the defendant obliged himself to pay to the plaintiff by their mutual agreement, whereof the following is a copy:

WHEREAS, John F. Burns and wife, by an instrument in writing, dated March 25, 1881, leased to C. L. Allred, for the period of ten years, an interest in what is known as the Moody Hill Gold Mine (including about ten acres of land, on the waters of Folly Branch, in Moore County, North Carolina); and whereas, said Burns and wife have sold said mine and land to Robert H. Duncan, and conveyed the same to him by deed dated September 22, 1882.

"Now, in consideration of the premises, and the sum of twenty-one hundred dollars in cash paid, the receipt of which is hereby acknowledged, and the agreement of the said Burns to pay the said Allred the following additional payments, the said Allred and Burns agree as follows:

"1. That said Allred hereby agrees and hereby does surrender, cancel and deliver up the said lease, and all his right and claim in and to said leased premises.

"2. That the said Burns hereby agrees to pay the said Allred the sum of one thousand dollars upon the making of the third payment to the said Burns by the said Duncan, on the 22d day of September, 1885. Also the said Burns agrees to pay the said Allred an additional five hundred dollars upon the making of the seventh payment to the said Burns by the said Duncan on the 22d day of September, 1889.

" In testimony whereof, the said parties hereunto set their hands and seals, the 25th day of September, 1882.

"J. F. BURNS. [Seal.]
" C. L. ALLRED. [Seal.]

" In presence of
" BOBERT H. DUNCAN."


On the trial, the plaintiff testified that he left in the hands of the defendant $250, part of the $2,100 set forth in the contract, to be paid to one E. N. Moffitt, as plaintiff's portion of a joint liability of plaintiff and defendant. This amount was to have been paid in two weeks. Defendant had repeatedly informed him since the commencement of this action that he had never paid this amount to Moffitt, or to any one for him. Defendant excepts.

He further claimed that no part of the $1,000, which he claimed was due by said contract on the 22d day of September, 1885, had ever been paid to him, or to any one for him; that he did not think that Duncan had ever made the third payment, but he did not know. Defendant excepts.

The defendant introduced no evidence.

The following issues were submitted to the jury:

" Is the defendant indebted to the plaintiff?"

" If so, in what amount?"

The defendant requested the presiding Judge to instruct the jury that the plaintiff was not entitled to recover judgment for $1,000 until he had shown affirmatively that Duncan had made the third payment to the defendant. Refused. Defendant excepts.

The Judge instructed the jury that there was no evidence that Moffit had released the plaintiff of his portion of said joint liability, and that if they believed the evidence, the plaintiff was entitled to recover the full amount demanded in his complaint.

Verdict for the plaintiff. Rule for a new trial. Rule discharged. Judgment for the plaintiff. Appeal by the defendant.

*Mr. J. C. Black,* for plaintiff.
*Mr. W. J. Adams,* for defendant.

MERRIMON, C. J.—after stating the facts: The first and second exceptions are too indefinite to be entertained. They do not specify, as they should do to have force, some sufficient ground of objection to the evidence to which it seems they were respectively intended to have reference. So far as appears, the evidence objected to was pertinent and competent to prove material facts.

We think the Court below properly interpreted the agreement in question in respect to the sum of one thousand dollars to be paid to the plaintiff by the defendant. It appears, from its face, that the plaintiff sold his lease of the mine and the land mentioned, to the defendant for the price of thirty-five hundred dollars. Of this sum, twenty-one hundred dollars were paid at once. The balance was to be paid in two installments, coming due at different times—one—that in question—of one thousand dollars, to be paid "upon the making of the third payment to said Burns by the said Duncan, *on the 22d day of September, 1885.*" The nature of the transaction constituting the basis of the agreement and the terms of the latter, give point and meaning to the words just quoted. It was expected that Duncan would certainly pay to the defendant a third installment of the purchase-money for the mine at the time specified, and the latter intended to devote one thousand dollars of the money so to be received by him to the payment of the sum of money so agreed to be paid to the plaintiff at that time. The agreement was not simply to pay the money *at any* time "upon the making of the third payment to the said Burns

by the said Duncan," but upon the making of such payment "*on the 22d day of September, 1885.*" The latter words fixed the time of payment to the plaintiff—the time his debt should be due—the purpose of the other words were simply to suggest and assure the plaintiff that the defendant would, at that time, have a particular fund that he could and·would devote to the payment of the plaintiff's debt.

There is nothing in the nature of the agreement, nor are there terms used in it, which imply that the defendant would pay the plaintiff the sum of money specified in question, on condition, or in the event and only in·the event, Duncan should pay to the defendant the third installment of the price of the mine, nor are there words which, fairly interpreted, imply that the sum of money should be due at some indefinite period after the time so specified. Indeed, it seems to us that no other interpretation could be given the agreement, in the respect in question, other than that we have given it, that would make it reasonable and practicable.

Judgment affirmed.