[No. 11059.   Department One.   August 8, 1913.]

M. N. Knuppenberg, *Respondent*, v. D. H. Lee, *Appellant*.[1]

Money Paid—Recovery—Defenses—Evidence —Sufficiency.   In an action to recover money paid to defendant as an advance on a loan plaintiff was making to him and another, it is no defense that defendant had signed an order for the payment of the advance "out of the money to be loaned," and that the loan was never made, where it appears that the loan was abandoned because of the refusal of one of the applicants to indorse the note, there was nothing in the agreement to show that the money was not to be repaid if the loan was not made, and the defendant received the money.

Contracts—Construction—Liability.   ·An applicant for a loan is liable on his agreement to· pay the expense incurred in making it, although the loan was not completed, due to his failure to procure the abstract and complete the loan.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered November 30, 1912, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Affirmed.

*Gates & Emery*, for appellant.

*Beechler & Batchelor*, for respondent.

Mount, J.—This action was brought by the plaintiff against the defendants, D. H. Lee and G. W. Lee and Anna Lee, his wife, to recover the sum of $214, of which sum $114 was advanced to the defendant D. H. Lee, and of which $100 was claimed as expenses for a loan which the plaintiff agreed to make to the defendants.   The cause was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff and against the defendant D. H. Lee in the sum of $179.   The action as to the defendants G. W. Lee and Anna Lee, his wife, was dismissed.   The defendant D. H. Lee has appealed.

It appears from the evidence in the case that the appellant, D. H. Lee, and one A. T. Thomas applied to the respondent,

[1]Reported in 134 Pac. 508.

in December, 1911, for a loan of $1,000. These parties represented to the respondent that the loan would be secured by a real estate mortgage on property belonging to G. W. and Anna Lee. At the time the application for the loan was made, Mr. Knuppenberg introduced the parties to his attorney, who informed the applicants that it would be necessary for them to prepare a written application for the loan; that it would be necessary for them to agree to pay the expenses of obtaining the loan, which would be the attorney's fee for services, the expenses of an abstract of title, and the recording of the mortgage, which was estimated at about $100. A written application was thereupon made. A note and mortgage were prepared and sent east to G. W. Lee and wife, to be executed. The mortgage was subsequently executed and returned to a bank in Seattle, where it was held subject to be delivered to the respondent upon the deposit of one thousand dollars to the credit of G. W. Lee and wife. In the meantime, D. H. Lee desired an advance of $114, to be deducted from the $1,000 when the note and mortgage should be returned. The money was advanced to A. T. Thomas and D. H. Lee. After the mortgage was returned, and after the $114 had been advanced by Knuppenberg, the abstract of title was not completed and the loan was not made. The respondent thereafter brought this suit against the above named parties to recover the money advanced, $114, and the expenses he had incurred in making the loan, which amounted to $65. At the time the $114 was advanced, A. T. Thomas and D. H. Lee signed a statement as follows:

"We hereby authorize Chester Batchelor to deliver $114 to M. N. Knuppenberg out of the money to be loaned A. T. Thomas and D. H. Lee, or his brother."

It is argued by the appellant that D. H. Lee was not liable for the payment of this money unless the loan was completed, for the reason that it was an order for the payment of money out of a particular fund which never came into existence. But it is clear from the memorandum itself, and from all the facts

in the case, that the $114 advanced by Knuppenberg was to be paid even though the loan was not made. It simply authorized Mr. Knuppenberg, or his attorney, Mr. Batchelor, to retain that amount of money out of the sum which was to be loaned to the defendants. The fact that the money was not loaned did not relieve the defendants from repaying the amount advanced. There is nothing in the agreement or in the evidence to show that the $114 was not to be repaid in case the loan was not made. The appellant, D. H. Lee, having received the money, was liable to repay the same to the respondent.

It is also argued that the appellant, D. H. Lee, was not liable for the expenses of obtaining the loan which was not made. The loan was abandoned by the defendants for the reason that A. T. Thomas would not indorse the note when it was received. There is some dispute in the evidence upon the question whether D. H. Lee agreed to pay the expenses of the loan. But we are satisfied from a preponderance of the evidence that he did so agree. The expenses were shown to amount to $65.

The main questions presented upon the briefs, and the main questions at the trial of the case, were questions of fact. We are satisfied from a reading of the record that the court below correctly found in favor of the respondent for the sum of $114, with interest advanced by Knuppenberg to D. H. Lee; and also for the expenses of obtaining the loan which was not completed by reason of the failure of D. H. Lee and his agent, A. T. Thomas, to procure the abstract and complete the loan as they had agreed. The expenses to Mr. Knuppenberg on this account amounted to $65.

The judgment is therefore affirmed.

PARKER, GOSE, and CHADWICK, JJ., concur.