406 P.2d 413

**DARRELL T. STUART CONTRACTOR OF ARIZONA, an Arizona corporation, Appellant,**

v.

**J. A. BRIDGES AND RUST–PROOFING, INC., an Arizona corporation, Appellee.**

**No. I CA–CIV 160.**

Court of Appeals of Arizona.

Oct. 14, 1965.

Rehearing Denied Nov. 1, 1965.

Review Denied Nov. 9, 1965.

**64**

Rawlins, Ellis, Burrus & Kiewit and Chester J. Peterson, Phoenix, for appellant.

Gust, Rosenfeld & Divelbess, by Fred H. Rosenfeld, Phoenix, for appellees.

STEVENS, Chief Judge.

This is an appeal by the defendant from a judgment in favor of the plaintiffs on a written agreement.

The action was presented to the trial court on an agreed statement of facts. The facts which are pertinent to this appeal are as follows: The defendant entered into a $54,-960 sub-contract with a joint venture known as Dale Benz, Inc.—J. W. Wells—B. H. Oates in relation to certain services to be performed on a government project. Before defendant began performance under this contract, plaintiffs and defendant entered into a contract, hereinafter referred to as the assumption agreement, whereby the plaintiffs agreed to perform the work contracted to be done by the defendant. The sub-contract was incorporated into the as-sumption agreement by reference. The plaintiffs were to receive $53,300 for the performance of the assumption agreement.

The sub-contract, which the defendant held with the contractor, contained the following clause:

"The contractor shall pay the subcontractor's pay estimate (less ten percent (10%) retainage within ten days after receipt of payment by the contractor and as allowed by the Government. The 10% retainage shall be paid to the subcontractor upon completion of all work required of the contractor, and final acceptance and payment by the government."

The assumption agreement between the plaintiffs and the defendant contained the following clause:

"5. Payments to be made to the sub-sub-contractor" (assumption agreement) "shall be made within ten (10) days after receipt of payments by Darrell T. Stuart Contractor of Arizona from Dale Benz, Inc.,—J. W. Wells—B. H. Oates under the subcontract marked Exhibit 'A' and attached hereto."

The plaintiffs finished the performance of the assumption agreement on the 16th day of January 1961 and not being paid, filed suit on the 4th of August 1961. The trial court entered judgment in favor of the plaintiffs on 14 January 1965. It is admitted that the plaintiffs fully performed their contract and that the contract price had been paid to plaintiffs except for approximately 10% of their submitted claims amounting to $6,980.61 which was withheld from the sums payable under the retainage provisions of the sub-contract. As to said sum, the defendant urged in the trial court and on appeal that the defendant has not been paid in full and when it is paid in full it would pay the disputed sum to the plaintiffs. It was further contended that until it has been paid in full, the disputed sum would not become due from the defendant to the plaintiffs.

The question before us is a matter of interpretation of the contracts. The sole issue is whether or not paragraph 5 of the assumption agreement constitutes a condition precedent barring the plaintiffs' recovering until 10 days after receipt of payment by the defendant from the general contractor.

It is our opinion that the principles set forth in Thos. J. Dyer Co. v. Bishop International Engineering Co., 303 F.2d 655 (1962), are appropriate to this case. The Dyer case was an action by a subcontractor against the general contractor in which the United States Court of Appeals, Sixth Circuit, held that the subcontract provision that no part of the price to be paid the subcontractor was to be due until five days after the owner paid the general contractor, was designed to postpone payment for a reasonable period of time after the work was completed, during which the general contractor would be afforded the opportunity of procuring from the owner the funds necessary to pay the subcontractor, and that the provision was not to require the subcontractor to wait for an indefinite period of time until the general contractor had been paid by the owner. The Court in the Dyer case stated that:

"It is, of course, basic in the construction business for the general contractor on a construction project of any magnitude to expect to be paid in full by the owner for the labor and material he puts into the project. * * * The solvency of the owner is a credit risk necessarily incurred by the general contractor, * * *. This expectation and intention of being paid is even more pronounced in the case of a subcontractor whose contract is with the general contractor, not with the owner. * * * he is primarily interested in the solvency of the general contractor with whom he has contracted. He looks to him for payment. Normally and legally, the insolvency of the owner will not defeat the claim of the subcontractor against the general contractor. Accordingly, in order to transfer this normal credit risk incurred by the general contractor from the general contractor to the subcontractor, *the contract* between the general contractor and subcontractor *should contain an express condition clearly showing that to be the intention of the parties.*" (Emphasis added.)

■ Applying the rule of the Dyer case, to the language of the contract between the plaintiffs and the defendant, the plaintiffs' entitlement was not conditioned upon the receipt of the money by the defendant. If and when the defendant received money from the contractor, the defendant was obligated to pay the plaintiffs within 10 days from said receipt. If the defendant did not receive all of its money from the contractor, the defendant nevertheless remained indebted to the plaintiffs and the plaintiffs were entitled to payment within a reasonable period of time following the completion of the performance of their contract obligation.

We hold that upon the completion of the performance of the assumption agreement by the plaintiffs, there came into being a fixed obligation on the part of the defendant to pay the agreed sum to the plaintiffs. Mignot v. Parkhill, 237 Or. 450, 391 P.2d 755 (1964); Fishman Construction Co. v. Hansen, 238 Md. 418, 209 A.2d 605 (1965). The debt from the defendant to the plaintiffs was absolute and not contingent. The plaintiffs did not agree to look to a specific fund from which and only from which, payment was to be made. Mignot; 17A C.J.S. Contracts § 456.

■ Inasmuch as the work was completed on or about the 16th day of January 1961 and this action was commenced on 4 August 1961, more than a reasonable period of time had elapsed for payment to be made by the defendant.

Judgment is affirmed.

CAMERON and DONOFRIO, JJ., concur.