**MROZIK CONSTRUCTION, INC., Respondent,**

v.

**LOVERING ASSOCIATES, INC., Appellant.**

No. C8–90–961.

Court of Appeals of Minnesota.

Oct. 2, 1990.

Jack D. Elmquist, Jack D. Elmquist Law Offices, Minneapolis, for appellant.

Henry E. Mueller, Grannis, Grannis, Hauge, Eide, Anderson & Keller, P.A., Eagan, for respondent.

Considered and decided by KALITOWSKI, P.J., and DAVIES and THOREEN *, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Lovering Associates, Inc. challenges the trial court's grant of summary judgment for respondent Mrozik Construction, Inc., arguing that payment by the owner to the general contractor was a condition precedent to payment by the general contractor to the subcontractor.

## FACTS

Appellant Lovering Associates, Inc. (Lovering) is a general contractor of commercial buildings. In 1986, Stratford Investments, Ltd. contracted with Lovering to construct two office buildings in a professional office development in Falcon Heights, Minnesota. Lovering executed several subcontract agreements to perform the construction work, including a subcontract with respondent Mrozik Construction, Inc. (Mrozik) executed on September 10, 1986. According to the parties' subcontract, Mrozik was to perform concrete and masonry work for payment in the amount of $144,207, increased to $177,928 after changes and extras.

By August 1987, the owner, Stratford Investments, Ltd., had unpaid amounts due to Lovering of $71,486 for work completed on building no. 1 and $58,990 on building no. 2. These amounts were never paid due to the owner's insolvency.

As a result of the owner's failure to pay Lovering, Lovering did not pay the final unpaid balance of $20,843.20 due on the subcontract with Mrozik. Lovering does not dispute that Mrozik completely and satisfactorily performed the work as required by the subcontract. Rather, Lovering contends that language in the subcontract establishes payment by the owner to the general contractor as a condition precedent to payment to the subcontractor, thus excusing its failure to pay Mrozik. Lovering also argues that based on the subcontract

language, the architect's failure to certify the completed work for payment further justifies nonpayment to Mrozik. The language in the subcontract relied on by Lovering states:

THE CONTRACTOR AGREES AS FOLLOWS:

D. Final payment including all retention becomes due and payable within 30 days after Architects' certification of final payment. *At all times the Subcontractor shall be paid to the extent that the Contractor has been paid on the Subcontractor's account.*

(Emphasis added.)

The parties' subcontract document is published by the Associated General Contractors of Minnesota and is titled "Standard Subcontract Agreement." Lovering selected the document to be used and prepared the form by providing information in the appropriate blanks.

Mrozik filed a complaint to recover the amount due plus interest from Lovering. The trial court granted summary judgment for Mrozik on March 7, 1990, ruling as a matter of law that the developer's payment to the general contractor Lovering was not a condition precedent in the subcontract to the general contractor's payment to the subcontractor Mrozik. Lovering Associates, Inc. appeals from the judgment entered pursuant to the trial court's order granting summary judgment for respondent Mrozik Construction, Inc.

## ISSUE

Does a subcontract providing for payment by the general contractor to the subcontractor to the extent the general contractor has been paid by the developer establish the developer's payment as a condition precedent to payment of the subcontractor?

## ANALYSIS

In a review of summary judgment, this court must determine whether there are any issues of material fact and whether the

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The question of whether the terms of a contract are ambiguous is a question of law. *Boe v. Christlieb*, 399 N.W.2d 131, 133 (Minn.App.1987). The appellate court need not defer to the trial court in reviewing questions of law. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

The question presented in this case is the effect of a provision in a subcontract providing that the general contractor shall pay the subcontractor to the extent the general contractor has been paid. The general contractor Lovering Associates, Inc. contends that the provision makes the owner's payment a condition precedent to payment of the subcontractor, so that the owner's insolvency excuses nonpayment to the subcontractor.

Although Minnesota courts have not addressed this issue, the law is well settled in other jurisdictions. Both the Restatement (Second) of Contracts, and state and federal courts have taken the position that a subcontract will not be construed as having payment to the general contractor as a condition precedent to the general contractor's payment to the subcontractor, unless the parties express such intent in plain, unequivocal, and unambiguous language in the subcontract.

The Restatement (Second) of Contracts, section 227, Standards of Preference with Regard to Conditions, states:

(1) In resolving doubts as to whether an event is made a condition of an obligor's duty, and as to the nature of such an event, an interpretation is preferred that will reduce the obligee's risk of forfeiture, unless the event is within the obligee's control or the circumstances indicate that he has assumed the risk.

Comments to the above section indicate that forfeiture refers to the denial of payment to the obligee. Restatement (Second) of Contracts § 227 comment b (1981). The Restatement illustrates the rule of law with an example specifically pertaining to a general and subcontractor and a provision in a subcontract agreement similar to the one presented in this case. The illustration addresses the following provision in a subcontract: "[N]o part of [payment to the subcontractor] shall be due until five days after Owner shall have paid Contractor therefor." The Restatement states that this language should not be construed to establish the owner's payment as a condition precedent to payment on the subcontract. Instead, the Restatement instructs that upon the owner's insolvency, the provision would require the general contractor to pay the subcontractor within a reasonable period of time. Restatement (Second) of Contracts § 227 comment b, illustration 1 (1981).

Numerous state and federal courts that have addressed the issue have adopted the Restatement rule of law. *Darrell T. Stuart Contractor v. J.A. Bridges & Rust–Proofing, Inc.*, 2 Ariz.App. 63, 406 P.2d 413 (1965); *Peacock Constr. Co. v. Modern Air Conditioning, Inc.*, 353 So.2d 840 (Fla.1977); *A.J. Wolfe Co. v. Baltimore Contractors, Inc.*, 355 Mass. 361, 244 N.E.2d 717 (1969); *Howard–Green Elec. Co. v. Chaney & James Constr. Co.*, 12 N.C.App. 63, 182 S.E.2d 601 (1971); *Sturdy Concrete Corp. v. NAB Constr. Corp.*, 65 A.D.2d 262, 411 N.Y.S.2d 637 (1978), *appeal dismissed*, 46 N.Y.2d 938, 388 N.E.2d 349, 415 N.Y.S.2d 212 (1979); *Mignot v. Parkhill*, 237 Or. 450, 391 P.2d 755 (1964); *Elk & Jacobs Drywall v. Town Contractors, Inc.*, 267 S.C. 412, 229 S.E.2d 260 (1976); *Thos. J. Dyer Co. v. Bishop Int'l Eng'g Co.*, 303 F.2d 655 (6th Cir.1962); *Trinity Universal Ins. Co. v. Smithwick*, 222 F.2d 16 (8th Cir.1955), *cert. denied*, 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747 (1955); *Byler v. Great Am. Ins. Co.*, 395 F.2d 273 (10th Cir.1968); *Moore v. Continental Casualty Co.*, 366 F.Supp. 954 (W.D.Okla. 1973).

In a leading case on which the Restatement illustration was based, the Sixth Circuit set forth the reasoning for the view. *Thos. J. Dyer Co. v. Bishop Int'l Eng'g Co.*, 303 F.2d 655 (6th Cir.1962). The *Dyer* court found that a general contractor nor-

mally assumes the credit risk of the owner. As a result, the subcontract must expressly, unequivocally state an intent to alter this common understanding. The court found that a contract provision requiring payment to the subcontractor within five days of payment to the general contractor was primarily focused on *timing,* and therefore did not establish the owner's payment as a condition precedent which would shift the credit risk to the subcontractor. The court also noted that conditions precedent are especially disfavored when the obligee has no control over the occurrence of the event in question. This is true of the subcontract situation, since the subcontractor has no control over the owner's payment to the general contractor.

Based on the sound reasoning of the prevailing view, we hold that a subcontract should not be construed to make payment to the general contractor a condition precedent to payment to the subcontractor, absent unequivocal, unambiguous language to that effect. In this case, the provision relied on by Lovering required that payment be made by the general contractor to the subcontractor "to the extent that the contractor has been paid on the subcontractor's account." This language does not unequivocally shift the risk of the owner's insolvency to the subcontractor. As in *Dyer,* the language can be construed to mean merely that the timing of payment to the subcontractor must not be delayed after the general contractor receives funds from the owner. Since the language does not unequivocally express an intent of the parties to establish a condition precedent, this court will not construe the contract to have a condition precedent.

The court also notes that Lovering selected the document to be used as the parties' contract and tailored it to the parties' situation by providing information in the blanks. Contract terms are construed against the drafter. *Empire State Bank v. Devereaux,* 402 N.W.2d 584, 587 (Minn. App.1987). As found by the trial court, the subcontract must therefore be construed against the appellant Lovering.

Appellant Lovering also argues that this case is not appropriate for summary judgment because genuine issues of material fact are disputed. Specifically, Lovering contends that extrinsic evidence of the parties' intent should be considered to construe the subcontract and determine whether the provision was intended as a condition precedent. However, parol evidence of the parties' intent may only be considered when the terms of a contract are ambiguous. *Lundstrom Constr. Co. v. Dygert,* 254 Minn. 224, 229–30, 94 N.W.2d 527, 532 (1959). Thus, in order to admit parol evidence of the parties' intent, Lovering must concede that the contract language is ambiguous. In this case, a finding that the contract language is ambiguous is dispositive. If the language is ambiguous, it cannot be unequivocal; and we hold here that a condition precedent will not be found absent unequivocal language.

Finally, Lovering contends that the architect's failure to certify the project for final payment excuses its nonpayment to Mrozik because the subcontract language provides for the architect's certification prior to payment of the subcontractor. Lovering failed to offer any evidence to indicate the significance of the architect's failure to certify. Lovering does not deny that Mrozik completely and satisfactorily completed the work as required by the subcontract. Based on the record, this court does not find the architect's failure to certify to be material.

## DECISION

The trial court was correct in holding that the parties' subcontract did not contain the unambiguous and unequivocal language necessary to shift the risk of the owner's insolvency to the subcontractor. The owner's payment to Lovering Associates, Inc. is therefore not a condition precedent to Lovering's payment to subcontractor Mrozik Construction, Inc.

Affirmed.